# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3260 | **DATE** | 6/11/2008 |
| **CASE TITLE** | Continental Western Ins. Co. Vs. Sloan Electric, Inc. Et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Minute Order, the Court dismisses the Complaint sua sponte without prejudice for failure to allege diversity jurisdiction. Plaintiff has until July 7, 2008 to file an amended complaint sufficiently alleging diversity jurisdiction or some other basis for federal jurisdiction.

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

    On June 5, 2008, Plaintiff Continental Western Insurance Company filed suit against Defendants Sloan Electric, Inc., James L. Sloan d/b/a Sloan Electric, and Stonecroft of Mendota, LLC seeking a declaratory judgment that Plaintiff has no duty to defend or indemnify Defendants under a General Liability Policy. Plaintiff contends that the Court has "jurisdiction of this matter pursuant to 28 U.S.C. §1332(a), as this action is between citizens of different states . . ." (R. 1-1, Compl. at ¶2.) In support of this contention, Plaintiff alleges (1) that it is an Iowa corporation with its principal place of business in Iowa, (2) that Defendant James L. Sloan d/b/a Sloan Electric "was a sole proprietorship that had its principal place of business in Illinois[;] James L. Sloan is a citizen of Illinois, (3) that Defendant Sloan Electric, Inc., now voluntarily dissolved, was an Illinois corporation with its principal place of business in Illinois, and (4) that Stonecroft of Mendota, LLC "is a Wisconsin limited liability company with its principal place of business in Wisconsin." (*Id.* at ¶¶4-7.)

    After examining the Complaint at the outset as it must, *see Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998), the Court finds that the jurisdictional allegations are deficient. *See also Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("enjoin[ing] upon bench and bar alike the importance of scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts"). In particular, the Complaint makes no allegations whatever regarding the identity or citizenship of Stonecroft's members. This is a critical shortcoming because "citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members," *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006), and "must be traced through however many layers of partners or members there may be." *Meyerson*, 299 F.3d at 617; *Guaranty Nat. Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996); *see also GNB Battery Tech., Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995) (noting that "because the Declaratory Judgment Act is not an independent source of federal subject matter jurisdiction, the district court must possess an independent basis for jurisdiction" (internal citation omitted)). Because diversity of citizenship is not evident, the Court dismisses the Complaint *sua sponte* without prejudice. *See, e.g., Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Plaintiff has until July 7, 2008 to file an amended complaint sufficiently alleging diversity jurisdiction or some other basis for federal jurisdiction.

| | Courtroom Deputy Initials: | KF |
|---|---|---|